UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                              **Hon. Hugh B. Scott**

                              13CR83S

            v.                    **Order**

Oneil Quinones, et al.,

            Defendants.

        Defendant Jose Rivera has filed a motion seeking the Court to direct the United States Marshal to serve a pretrial subpoena duces tecum in this matter. (Docket No. 148). The government was directed to respond to the motion on or before June 27, 2014. (Docket No. 160). The government has failed to respond.

        The defendant's request for a subpoena arises from testimony by Buffalo Police Officer William Drabik during a suppression hearing relating to an automobile stop in October of 2011. It appears that defendant Rivera was subjected to a pat down upon being directed to exit the vehicle. (Docket No. 150 at pages 38-39). During the suppression hearing, Buffalo Police Officer William Drabik testified that a protocol existed directing that "anytime I [a Buffalo police officer] come in contact with anybody, for our own safety, to pat the person down." (Docket No. 150 at page 39). Again, upon cross-examination, Drabik stated that "it's the policy

of the Buffalo Police Department that if we are to come in contact with anybody, we are to pat them down for our own personal safety." (Docket No. 150 at page 55). For clarification as to the scope of this purported policy, Drabik was asked by defense counsel: "No matter what the nature of the contact is, as you understand it, you're authorized to conduct a pat down; is that fair?" In response to this question, Drabik stated: "No." (Docket No. 150 at page 55). In any event, upon further cross-examination Drabik testified that he believed that the policy or protocol he utilized was presented to him during his training at the police academy and that the policy may have been stated in writing. (Docket No. 150 at pages 55-57).

Rivera now proposes to use a subpoena to obtain any such Buffalo Police policy "mandating that any individual coming into contact with a member of the Buffalo Police Department is to be subjected to a pat-down search and/or a frisk." (Docket No. 148-1 at page 2). The defendant has not addressed the various criteria relevant to the issuance of a subpoena under Rule 17.[1] Thus, based upon this record it is not apparent that a Rule 17 subpoena is the

---

[1] In United States v. Nixon, 418 U.S. 683 (1974), the Supreme Court held that a Rule 17 subpoena duces tecum "(1) it was not intended to provide a means of discovery for criminal cases, ... (2) its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." Thus, the Court held that in order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.' Nixon, 418 U.S. at 698-700. It is generally settled that under the test adopted in Nixon, the proponent of a subpoena returnable before trial "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." United States v. Rajaratnam, 2011 WL 507086 at *1 (S.D.N.Y. 2011). See also United States v. Sessa, 2011 WL 256330 (E.D.N.Y. 2011)("[c]ourts must be careful that rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed.R.Crim.P. 16."). Finally, it has been held that Rule 17 is not a vehicle to be used to obtain evidence sought only to impeach a government witness. United States v.

appropriate vehicle to be used to obtain the material sought. However, the sought after documents are relevant to the testimony of the government's witness at the suppression hearing, as well as to the substantive issue which is the subject of the hearing. Thus, the government is hereby directed to produce the documents identified in the proposed subpoena.  The government shall produce the documents at the time of the continuation of the suppression hearing on July 29, 2014.

    So Ordered.

                                                   /s/ Hugh B. Scott
                                       United States Magistrate Judge
                                       Western District of New York

Buffalo, New York
July 9, 2014

---

Holihan, 248 F.Supp.2d. 179 (W.D.N.Y. 2003); United States v. Hughes, 895 F.2d. 1135 (6th Cir. 1990).