UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.

ONEIL QUINONES,

                Defendant.

**DECISION AND ORDER**
13-CR-83S (1)

Presently before this Court is Defendant Oneil Quinones's second pro se motion for compassionate release under 18 U.S.C. § 3582 (c)(1)(A), which the government opposes.  (Docket Nos. 739, 748.)  This Court denied Quinones's first motion on August 6, 2020.  See United States v. Quinones, 13-CR-83S (1), 2020 WL 4529365 (W.D.N.Y. Aug. 6, 2020).[1]  Familiarity with that decision is presumed.  For the reasons discussed below, Quinones's motion is denied.

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute."  United States v. Gotti, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020).  One such statute is 18 U.S.C. § 3582 (c)(1)(A)(i) which, as amended by the First Step Act of 2018,[2] provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf

---

[1] Contained in the record at Docket No. 693.

[2] Congress amended 18 U.S.C. § 3582 (c)(1)(A) in the First Step Act of 2018 to allow prisoners to bring their own motions for compassionate release.  See Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018).  The previous version of the statute permitted only the Bureau of Prisons to bring compassionate-release motions.  See, e.g., United States v. Monzon, 611 F. Supp. 3d 1, 2 n. 1 (S.D.N.Y. 2020) (explaining the First Step Act amendment); United States v. Gotti, 433 F. Supp. 3d 613, 614-15 (S.D.N.Y. 2020) (same).

or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The defendant carries the burden of showing that he or she is entitled to a sentence reduction under the statute.  See United States v. Ebbers, 432 F. Supp. 3d 421, 426-27 (S.D.N.Y. 2020).

In Quinones's first motion for compassionate release, this Court found that he failed to demonstrate extraordinary and compelling reasons for a sentence reduction because although he demonstrated that his medical conditions made him particularly susceptible to severe illness from COVID-19, he failed to show that FCI Elkton's plan and efforts to combat COVID-19 were inadequate or that FCI Elkton was unable to adequately treat him if he were to fall ill.  See Quinones, 2020 WL 4529365, at *4-6.  This Court further denied Quinones's motion on the basis that the § 3553 (a) factors and Quinones's dangerousness counseled against granting relief.  See id. at *6-7.

In his present motion, Quinones states that he continues to suffer from medical issues, but his principal argument is that errors in his sentencing calculations constitute extraordinary and compelling reasons for a sentence reduction.  None of Quinones's arguments have merit.

First, Quinones indicates that he continues to take multiple medications and requires use of a CPAP machine.  See Motion for Compassionate Release, Attachment

2, Docket No. 739-2, p. 3.   He does not, however, make any argument that his medical conditions constitute an extraordinary and compelling reason for a sentence reduction.  A sentence reduction on this basis is therefore denied.

Second, Quinones argues that the government cited the wrong base offense level guideline in the plea agreement.  See id. p. 6.  While Quinones correctly notes that the parties cited U.S.S.G. §§ 2D1.1 (a)(3) and 2D1.1 (c)(3) in paragraph 7 of the plea agreement, see Docket No. 472, the probation officer applied (and this Court adopted) U.S.S.G. §§ 2D1.1 (a)(5) and 2D1.1 (c)(3) at the time of sentencing, and Quinones admitted in his plea agreement that at least 10 kilograms of heroin, but less than 30 kilograms of heroin, was the amount involved in his relevant conduct, see Presentence Investigation Report, Docket No. 583, ¶ 43; Plea Agreement, Docket No. 472, ¶ 5 (c). Quinones does not now challenge that application of the Guidelines, and in any event, he waived his right to appeal this issue and failed to appeal his sentence on this basis.[3]  See Plea Agreement, ¶¶ 20-23.  Consequently, even assuming an error in the plea agreement,

---

[3] Quinones knowingly and voluntarily waived the several sentencing errors he now alleges.  See Plea Agreement, ¶¶ 20-23.  While this Court has addressed the arguments, any further consideration of these validly waived claims as a basis for compassionate release would, in this Court's view, constitute an impermissible end-run around the enforceable waiver provisions of the plea agreement.  See United States v. Laboy, 15-CR-91 EAW, 2021 WL 5176663, at *2 (W.D.N.Y. Nov. 8, 2021) (finding it inconsistent with the compassionate-release statute "to allow a defendant to assert claims of legal error that he expressly waived the right to press through the ordinary means of direct appeal and collateral attack"); United States v. Antney, 17-CR-229 (CBA), 2021 WL 4502478, at *5 (E.D.N.Y. Sept. 30, 2021) ("A motion for compassionate release should not be used to attack the legitimacy of a judge's imposed sentence—such an attack is properly brought on direct appeal or in a habeas petition, not in a motion for compassionate release brought under 18 U.S.C. § 3582 (c)(1)(A).").  While some courts have considered conceded and substantial sentencing errors under § 3582 (c)(1)(A), like circumstances are not present here.  See, e.g., United States v. Gilley, 04-CR-6152-CJS-2, 2021 WL 5296909, at *9 (W.D.N.Y. Nov. 15, 2021) (relying on Lopez (below) and considering 60-month sentencing-calculation error an extraordinary and compelling reason for sentence reduction); United States v. Lopez, 523 F. Supp. 3d 432, 438 (S.D.N.Y. 2021) (considering undetected, substantial, and "truly extraordinary" sentencing error that was not considered on direct appeal or under § 2255 but noting that "most errors in an original sentencing are not likely to qualify as an extraordinary and compelling reason for a sentence reduction").

Quinones fails to establish that any such error constitutes an extraordinary and compelling ground for a sentence reduction.

Quinones next contends that a youthful offender adjudication and three disorderly conduct convictions should not have earned criminal history points. See Motion for Compassionate Release, Attachment 2, pp. 6-9; Presentence Investigation Report, ¶¶ 59, 60, 62, 63. But Quinones's 2002 youthful offender adjudication was properly assessed one point under U.S.S.G. §§ 4A1.1 (c) and 4A1.2 (d)(2)(B) because it was imposed within five years of the conspiracy, which he admitted began "in or about 2006." See Plea Agreement, ¶ 5 (a). And the three disorderly conduct convictions were properly assessed one point each under U.S.S.G. §§ 4A1.1 (c), 4A1.2 (d)(2)(B), and 4A1.2 (c)(1)(B), because they were committed within five years of the start of the conspiracy or during it, and as narcotics-related violations, were similar to the charged offense. Moreover, as noted above, Quinones waived his right to raise such challenges and failed to appeal his sentence on this basis. Accordingly, these grounds do not constitute extraordinary and compelling reasons for a sentence reduction.

Fourth, Quinones argues that the two "status points" he received for committing the offense while under a criminal justice sentence, see Presentence Investigation Report ¶ 66, should be eliminated under recent amendments to the United States Sentencing Guidelines. Even assuming that the recent Amendment 821, Part A to the United States Sentencing Guidelines applied to Quinones, it would only reduce his criminal history score from nine points to eight points, which still places him in criminal history category IV. See United States v. LaPorta, 21-CR-445 (MKB), 2024 WL 1348691, at *2 (E.D.N.Y. Mar. 29, 2024) (explaining that amended U.S.S.G. § 4A1.1 (e) now provides that only one point

be added if the defendant receives seven or more points). This is therefore not an extraordinary and compelling reason for a sentence reduction.

Finally, even assuming that Quinones has demonstrated extraordinary and compelling reasons for a sentence reduction (which he has not), nothing in his present motion changes this Court's previous calculus of the § 3553 (a) factors or reduces in any way the risk of danger to any person or the community that Quinones poses if released. See Quinones, 2020 WL 4529365, at *6-7. The § 3553 (a) factors include, *inter alia*, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553 (a).

Assessing these factors, this Court previously found that they weighed against granting relief. As to the nature of the offense and characteristics of the defendant, this Court explained that Quinones was a leader and member of the Loiza Boys gang, which distributed large quantities of heroin and cocaine in Buffalo. See Quinones, 2020 WL 4529365, at *6. Quinones himself sold heroin on multiple occasions, and he and his cousin supplied multi-kilogram quantities of heroin each month for distribution on the West Side of Buffalo through a "stash house." Id. As to the needs of the sentence, this Court found that the 210-month sentence imposed pursuant to Rule 11 (c)(1)(C) was fair, just, and reasonable, and that any reduction of that sentence would severely undermine it. See id. And it further found that a reduced sentence would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate

5

deterrence, or protect the public from future crimes by Quinones.  See id.  While this Court has considered that Quinones has served additional time and may have further rehabilitated himself, nothing in his present motion changes this Court's findings above. Thus, consideration of the § 3553 (a) factors continues to outweigh any extraordinary and compelling reasons for a sentence reduction.

Moreover, there has been no reduction in the danger that Quinones poses if released.  As explained in this Court's previous decision, Quinones led a significant drug-trafficking gang that used violence to further its drug activities.  See id.  Quinones also has a lengthy criminal history, including convictions for controlled substances offenses, attempted criminal possession of a weapon, trespass, disorderly conduct, and driving without a license.  See id.  While any rehabilitative steps Quinones has taken deserve credit, nothing has been presented that would sufficiently ameliorate the serious risk of danger that he poses to the community if released.

Finally, the government rightly notes that Quinones's present motion must be denied on the additional basis that he has not established administrative exhaustion.  See Government Response, Docket No. 748, pp. 4-6.  The statutory exhaustion requirement is not jurisdictional, but rather, is a claim-processing rule that may be waived or forfeited by the government.  See United States v. Saladino, 7 F. 4th 120, 121-124 (2d Cir. 2021) (per curiam).  If invoked, however, the exhaustion requirement must be enforced because it is a mandatory claim-processing rule.  See id. at 125 (Menashi, J., concurring); see also United States v. Schultz, 454 F. Supp. 3d 217, 223-24 (W.D.N.Y. 2020).

Here, the government invokes the exhaustion requirement.  Although Quinones states that he submitted a request for compassionate release to his warden on May 4,

2023, he submits no proof to that effect.  <u>See</u> Motion for Compassionate Release, Docket No. 739, pp. 3, 7.  Instead, he attaches a June 29, 2022 email that he sent to the warden requesting designation to home confinement under the CARES Act.  <u>See</u> Motion for Compassionate Release, Attachment 2, p. 11.   Because Quinones has presented no evidence establishing proper exhaustion, his motion must be denied on this independent ground as well.

Consequently, for the reasons stated above, this Court finds that Quinones's second motion for compassionate release must be denied for failure to exhaust administrative rights, and that even assuming proper exhaustion, compassionate release and a sentence reduction under 18 U.S.C. § 3582 (c)(1)(A)(i) is not warranted. Quinones's motion will therefore be denied in its entirety.

IT HEREBY IS ORDERED, that Quinones's Motion for Compassionate Release (Docket No. 739) is DENIED.

FURTHER, that the Clerk of Court is DIRECTED to send a copy of this decision to Quinones at his correctional institution of record.

SO ORDERED.


Dated:        April 8, 2024
              Buffalo, New York

                                          s/William M. Skretny
                                         WILLIAM M. SKRETNY
                                        United States District Judge